IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       Plaintiff,

vs.                                  No. CR 09-3078 JB

JOSHUA JUSTICE,

       Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Amended Objections to Pre-Sentence Report, filed May 12, 2011 (Doc. 292)("Objections to PSR").[1]  The Court held a sentencing hearing on May 23, 2011.  The primary issue is whether some of Defendant Joshua Justice's misdemeanor convictions should be counted in his criminal-history calculation because there is a lack of information in the record that Justice made an effective and affirmative waiver of his constitutional right to counsel.  Because the Constitution did not require Justice to receive the representation of counsel for some of these fine-only convictions, and because the state court records indicate Justice knowingly and intelligently waived his right to counsel for the other charges, the Court will overrule his objections in part.  The Court does not address the other objections contained in the amended objections.

## PROCEDURAL BACKGROUND

Under U.S.S.G. § 4A 1.1.(c), the United States Probation Office ("USPO") in paragraph 255

---

[1]On May 5, 2011, Justice filed his Objections to Pre-sentence Report.  See Doc. 287.  On May 12, 2011, Justice withdrew his Objections to Pre-Sentence Report.  See Doc. 291.  He filed amended objections on May 12, 2011.  See Objections to PSR.  This memorandum opinion and order addresses the amended objections.

of the Presentence Investigation Report ("PSR") assigned 1 criminal-history point based upon Justice receiving a conviction on a paraphernalia-for-use charge.  See PSR ¶ 255, at 42; Addendum to Presentence Report at 2 ("Addendum to PSR").  Additionally, under U.S.S.G. § 4A1.1(c), the USPO in paragraph 257 of the PSR assigned 1 criminal-history point based on Justice receiving a conviction on a driver's license suspended or revoked charge.  See PSR ¶ 277, at 45; Addendum to PSR at 2.  Justice objected to both paragraph 255 and 257 of the PSR on the basis that the record did not affirmatively demonstrate that he had counsel relating to these charges or that he knowingly waived his right to counsel.  See Objections to PSR ¶¶ 5-19, at 4-7.  He contends that, based on this omission from the record, he should receive a 2 point reduction in his criminal-history-point calculation, thus reducing his criminal-history category from Category III to Category II.  See Objection to PSR ¶¶ 15-16, at 5-6.

Paragraph 255 of the PSR discusses four convictions that Justice received.  See PSR ¶ 255, at 42-43.  All of the convictions were misdemeanors.  See PSR ¶ 255, at 42.  Three of the convictions, concealing identity, paraphernalia for use, and disorderly conduct, related to an arrest on February 22, 2002.  See PSR ¶ 255, at 42.  These three convictions resulted in a fine only.  See PSR ¶ 255, at 42.  The other conviction resulted from contempt proceedings against Justice arising out of his failure to pay the fines on the prior three convictions.  See PSR ¶ 255, at 42.  Justice received five days of imprisonment based on the contempt charges.  See PSR ¶ 255, at 42.  The PSR recognizes that counsel did not represent Justice.  See PSR ¶ 255, at 42.  The PSR states that it is standard procedure that New Mexico courts advise the defendant of his or her rights, including his or her right to counsel, pursuant to a New Mexico statute.  See PSR ¶ 255, at 42.

The Addendum to PSR addresses Justice's objection to paragraph 255.  See Addendum to PSR at 2-3.  The Addendum to PSR states that, on May 13, 2011, the USPO spoke to an employee

at the Farmington Municipal Court.  See Addendum to PSR at 2.  The Addendum to PSR then states that the employee informed the USPO that Justice appeared in court on the first three counts. See Addendum to PSR at 2.  Because Justice was not looking at serving a jail sentence on these charges, no waiver of counsel form was signed.  See Addendum to PSR at 2.  He was, however, informed that he could represent himself or hire an attorney.  See Addendum to PSR at 2.  He was sentenced to pay a fine on the first three counts.  See Addendum to PSR at 2.  Because he failed to pay those fines, Justice later appeared in court again on July 10, 2003 on contempt charges. See Addendum to PSR at 2.  The Addendum to PSR also clarifies that 1 point was applied to Justice's criminal-history calculation based on his guilty plea to the paraphernalia-for-use charge.

With respect to the point for the driver's license suspended or revoked conviction discussed in paragraph 257 of the PSR, the USPO concedes that counsel did not represent Justice during these proceedings.  See PSR ¶ 257, at 45.  The PSR states that it is standard procedure for these courts to advise the defendant of his or her rights, including his or her right to counsel, pursuant to a New Mexico statute.  See PSR ¶ 257, at 45.  In the Addendum to PSR, the employee to whom the USPO spoke stated that a waiver of counsel form was signed regarding these proceedings.  See Addendum to PSR at 2.  The employee stated, however, that the waiver of counsel form has been destroyed, because the state court only retains records for a period of three years.  See Addendum to PSR at 2. The USPO attached to the Addendum to PSR a computer screen printout of the relevant records from the Farmington Municipal Court, which indicates that Justice waived his right to counsel. See Attachment to Addendum to PSR at 1.

The Court held a hearing on May 23, 2011.  At the hearing, Justice testified regarding these prior misdemeanor convictions.  Regarding the convictions mentioned in paragraph 255 of the PSR, Justice said that he did not have much memory of the arrest.  See Transcript of Hearing at 16:6-11

(taken May 23, 2011)("Tr.")(Tallon, Justice).[2] He remembered, however, the nature of the charges. See Tr. at 16:12-15 (Tallon, Justice).  Justice testified that he remembered appearing in the Farmington Municipal Court on those charges.  See Tr. at 16:16-18 (Tallon, Justice).  He stated that he did not have any recollection of being advised of a right to have an attorney represent him on any of those charges.  See Tr. at 16:19-21 (Tallon, Justice).  He testified that he did not recall being advised of a right to have counsel appointed for him if he could not afford counsel.  See Tr. at 16:22-24 (Tallon, Justice).  He said that he did not recall signing any document indicating that he knew he had a right to an attorney.  See Tr. at 17:12-14 (Tallon, Justice).  He further stated that he did not remember thoughtfully giving up his right to an attorney based on the nature of the court proceedings; he described them as something like a traffic court where no lawyers were present. See Tr. at 17:15-18 (Tallon, Justice).  He said he did not know of the potential consequences at that time of entering a guilty plea to the three charges.  See Tr. at 17:21-23 (Tallon, Justice).

Regarding the convictions discussed in paragraph 257 of the PSR, Justice testified that those charges arose out of his failure to stop at a red light.  See Tr. at 18:7-14 (Tallon, Justice).  He said he was arrested and given roughly thirty days in jail.  See Tr. at 18:15-18 (Tallon, Justice).  He remembered pleading guilty to the charges.  See Tr. at 19:2-4 (Tallon, Justice).  He testified that he was not represented by the public defender or any other attorney.  See Tr. at 19:11-13 (Tallon, Justice).  He said he did not recall being advised of having a right to an attorney.  See Tr. at 19:23-20:1 (Tallon, Justice).

## LAW REGARDING RIGHT TO COUNSEL

In felony cases, the Constitution requires that an indigent defendant be provided appointed

---

[2]The Court's citations to the transcript of the hearing refers to the court reporter's original, unedited version.  Any final transcript may contain slightly different page and/or line numbers.

counsel unless that right is intelligently and competently waived.  See Gideon v. Wainwright, 372 U.S. 335, 342-43 (1963).  Convictions gained in violation of Gideon v. Wainwright cannot be used "either to support guilt or enhance punishment for another offense."  Burgett v. Texas, 389 U.S. 109, 115 (1967).  In Burgett v. Texas, the Supreme Court of the United States held that a prior conviction could not be used for sentence enhancement, because the record of the earlier proceeding did not show that the defendant had waived his right to counsel.  See Burgett v. Texas 389 U.S. at 114.

Furthermore, the Supreme Court has extended these constitutional protections for waiver of counsel to misdemeanor cases where the court imposed any sentence of actual, probated, or suspended incarceration.  See Alabama v. Shelton, 535 U.S. 654, 661-62 (2002); Argersinger v. Hamlin, 407 U.S. 25, 33-37 (1972)(holding that misdemeanor status is irrelevant if conviction leads to imprisonment even for a brief period).  In Scott v. Illinois, 440 U.S. 367 (1979), the Supreme Court held that the Sixth and Fourteenth Amendments do not entitle an indigent defendant to trial counsel where he was convicted of theft and fined $50 after a bench trial.  See 440 U.S. at 367, 368. The Supreme Court declined to extend Argersinger v. Hamlin to the defendant where he was "charged with a statutory offense for which imprisonment upon conviction is authorized but not actually imposed upon the defendant."  Scott v. Illinois, 440 U.S. at 369.  The Supreme Court recognized:

> Even were the matter *res nova*, we believe that the central premise of Argersinger --
> that actual imprisonment is a penalty different in kind from fines or the mere threat
> of imprisonment is a penalty different in kind from fines or the mere threat of
> imprisonment -- is eminently sound and warrants adoption of actual imprisonment
> as the line defining the constitutional right to appointment of counsel.

Scott v. Illinois, 440 U.S. at 373.

In Nichols v. United States, 511 U.S. 738 (1994), the Supreme Court held, "consistent with the Sixth and Fourteenth Amendments of the Constitution, that an uncounseled misdemeanor valid

under <u>Scott</u> because no prison term was imposed, is also valid when used to enhance punishment at a subsequent conviction."   511 U.S. at 748.  Uncounseled misdemeanor convictions, in which the court imposes incarceration, are not counted.  <u>See</u> <u>United States v. Cousins</u>, 455 F.3d 1116, 1126 (10th Cir. 2006)("Clarifying the scope of <u>Gideon</u>, the Court later held that an indigent defendant must be appointed counsel in any criminal prosecution, regardless of its classification as a misdemeanor or felony, 'that actually leads to imprisonment even for a brief period . . . ." (quoting <u>Argersinger v. Hamlin</u>, 407 U.S. at 33)).

The United States Court of Appeals for the Tenth Circuit in <u>United States v. Cousins</u> followed the Supreme Court's decision in <u>Alabama v. Shelton</u>.  <u>See</u> 455 F.3d at 1126.  In <u>United States v. Cousins</u>, the defendant, Cousins, disputed the PSR's criminal-history calculation.  <u>See</u> 455 F.3d at 1121, 1126-27.  Cousins argued that his prior misdemeanor convictions for receiving stolen property should not have been included in calculating his criminal history, because he was not represented by counsel in the prior proceedings and thus counting that conviction violated his Sixth Amendment right to counsel.  <u>See</u> <u>United States v. Cousins</u>, 455 F.3d at 1121, 1126-27.

> [Cousins] was convicted of the misdemeanor offense of receiving stolen goods, pursuant to a guilty plea.  The written judgment reflects a sentence of 30 days in jail or a $500 fine.  The word "suspended" is circled.  A provision for one month unsupervised probation is crossed out.  The Government stipulated that the South Carolina court effectively imposed a suspended sentence requiring [Cousins] to pay the $500 fine or, if he did not, to spend 30 days in jail.  There is also no dispute that [Cousins] was not represented by an attorney during these proceedings.

455 F.3d at 1124 n.5.  The Tenth Circuit reasoned that Cousin's case was "analogous to <u>Shelton</u> in the sense that the sentence imposed by the South Carolina court was essentially a suspended sentence: either Defendant paid the $500 fine or he went to jail for 30 days."  <u>United States v. Cousins</u>, 455 F.3d at 1126.  The Tenth Circuit articulated that, in <u>Alabama v. Shelton</u>, the Supreme Court "held that a suspended sentence that may end up in actual deprivation of a person's liberty fit

-6-

under the Argersinger-Scott 'actual imprisonment' rule and thus entitled the defendant to the benefit of counsel." United States v. Cousins, 455 F.3d at 1126 (quoting Alabama v. Shelton, 535 U.S. at 674). "Therefore, by depriving [Cousins] of the benefit of counsel, South Carolina appears to have violated [Cousins'] Sixth Amendment rights." United States v. Cousins, 455 F.3d at 1126. The Tenth Circuit then stated that, "[h]aving concluded that the South Carolina conviction violated [Cousins'] Sixth Amendment rights, we must also conclude that it was error for the district court to use this conviction in calculating Kurt's criminal history category." United States v. Cousins, 455 F.3d at 1127.

Even when a defendant is convicted of a misdemeanor without the help of counsel which results in imprisonment or a suspended sentence, a district court can still consider that conviction for sentencing purposes if the defendant also received a fine as part of the conviction. See United States v. Jackson, 493 F.3d 1179, 1183 (10th Cir. 2007). Articulating this distinction, the Tenth Circuit recognized that in the context of the defendant's conviction in that case:

> On the one hand, [the conviction] includes a conditional prison sentence, something that falls on the "actual imprisonment" side of the ledger after Shelton. On the other hand, it involves the payment of a fine, something that, under Scott, poses no Sixth Amendment problems and, pursuant to Nichols, may be employed as a sentencing enhancement.

See United States v. Jackson, 493 F.3d at 1183. The Tenth Circuit recognized that the sentencing guidelines account for this situation by assigning a relatively low degree of importance to uncounseled misdemeanor convictions in calculating criminal-history categories. See United States v. Jackson, 493 F.3d at 1185.

Thus, there is not a constitutional prohibition against counting some prior misdemeanor convictions in which the defendant has not been afforded counsel. According to the background note in U.S.S.G. § 4A1.2, prior sentences, not otherwise excluded, are to be counted in the criminal-

history score.  See U.S.S.G. § 4A1.2, cmt. background; United States v. Beltran-Maruffo, No. CR 07-0078 JB, 2007 WL 2219416, at *2 (D.N.M. May 7, 2007)(Browning, J.)(quoting U.S.S.G. § 4A1.2)("'Prior sentences, not otherwise excluded, are to be counted in the criminal history score, including uncounseled misdemeanor sentences where imprisonment was not imposed.'")  The criminal-history score should include uncounseled misdemeanor sentences where imprisonment was not imposed.  See U.S.S.G. § 4A1.2, cmt. background.

## CHALLENGES TO PRIOR CONVICTIONS AT SENTENCING

In Custis v. United States, 511 U.S. 485 (1994), the Supreme Court found that, for purposes of the penalty enhancements for prior convictions that the Armed Career Criminal Act of 1984, 18 U.S.C. § 924(e), imposes, a defendant in a federal sentencing proceeding has no right to collaterally attack the validity of his previous state convictions, with the sole exception of convictions obtained in violation of the right to counsel.  See Custis v. United States, 511 U.S. at 487.  The Supreme Court explained: "There is thus a historical basis in our jurisprudence of collateral attacks for treating the right to have counsel appointed as unique, perhaps because of our oftstated view that 'the right to be heard would be, in many cases, of little avail if it did not comprehend the right to be heard by counsel.'"  511 U.S. at 494-95 (quoting Powell v. Alabama, 287 U.S. 45 (1932)).  In Burgett v. Texas, 389 U.S. 109 (1967), the Supreme Court held that the admission of a prior criminal conviction that is constitutionally infirm under the standards of Gideon v. Wainwright is inherently prejudicial and to permit use of such a tainted prior conviction for sentence enhancement would undermine the principle of Gideon v. Wainwright.  See Burgett v. Texas, 389 U.S. at 115 ("Worse yet, since the defect in the prior conviction was denial of the right to counsel, the accused in effect suffers anew from the deprivation of that Sixth Amendment right.").

In United States v. Garcia, 42 F.3d 573 (10th Cir. 1994), the Tenth Circuit, relying upon the

Supreme Court's holding in Custis v. United States, held that, in a sentencing proceeding under the guidelines, a defendant may not collaterally attack a prior conviction except on the ground of a complete denial of counsel.  See 42 F.3d at 581.  The Tenth Circuit has since consistently held that, with the exception of a collateral attack based on complete denial of counsel, a district court cannot consider a collateral attack on a prior conviction when sentencing a defendant.  In United States v. Cousins, 455 F.3d 1116 (10th Cir. 2006), the Tenth Circuit stated:

> [A]n exception to this general rule [barring collateral attacks of prior convictions] at sentencing is that challenges to the constitutionality of a conviction based upon a violation of the right to counsel are permitted in sentencing proceedings, even though the defendant is attacking the prior state conviction collaterally in federal court.

455 F.3d at 1125.  See United States v. Delacruz-Soto, 414 F.3d 1158, 1167 (10th Cir. 2005)(holding that, "with the exception of a collateral attack based on the complete denial of counsel, a district court sentencing a defendant under 8 U.S.C. § 1326(b)(2) and U.S.S.G. § 2L1.2(b)(1)(A) cannot consider a collateral attack on a prior conviction."); United States v. Cruz-Alcala, 338 F.3d at 1197 (stating the holding of United States v. Garcia).

### 1.   Waiver of the Right to Counsel.

It is well established that a defendant has a constitutional right to waive his right to counsel. See United States v. Molina-Barajas, 47 F.App'x 552, 555 (10th Cir. 2002)(citing United States v. Windle, 74 F.3d 997, 1001 (10th Cir.1996)).  If a defendant validly waives his right to counsel, the waiver precludes the defendant from collaterally attacking the conviction.  See United States v. Molina-Barajas, 47 F.App'x at 555 ("Further, if defendant entered into a valid waiver [of his right to counsel], the waiver precludes him from collaterally attacking the California conviction." (citing United States v. Windle, 74 F.3d at 1001)).

The Tenth Circuit has consistently held that:

> A defendant's waiver of his right to counsel is valid only if it is knowing and intelligent; the waiver is knowing and intelligent only if the trial court informs the defendant on the record of the nature of the charges against him, the possible punishments and defenses, and the dangers and disadvantages of self-representation.

Munkus v. Furlong, 170 F.3d 980, 983 (10th Cir. 1999)(citations omitted).  See United States v. Willie, 941 F.2d 1384, 1388 (10th. Cir. 1991)("[T]o be valid, the trial judge must ensure that the waiver . . . is an intentional relinquishment . . .  of a known right . . . .  Ideally, . . . the record [should] demonstrate that the defendant [knows] the nature of the charges, the range of allowable punishments and possible defenses, and . . . the risks of proceeding pro se." (internal quotation marks and citations omitted)); United States v. Silkwood, 893 F.2d 245, 248 (10th Cir. 1989)(stating that for a waiver of counsel to be knowing and intelligent, the court must conduct a "comprehensive examination into the defendant's apprehension of the nature of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the whole matter." (citations omitted)(internal quotation marks omitted)).

**2.     Presumption of Regularity.**

The Supreme Court has held that there is a "'presumption of regularity' that attaches to final judgments, even when the question is waiver of constitutional rights."  Parke v. Raley, 506 U.S. 20, 29 (1992)(quoting Johnson v. Zerbst, 304 U.S. 458, 464 (1938)).  In Parke v. Raley, the defendant, who was charged as a persistent felony offender, argued that two of the convictions offered against him were invalid under Boykin v. Alabama, 395 U.S. 238 (1969), because the records for the convictions did not contain transcripts of the plea proceedings and therefore did not affirmatively show that his guilty pleas were knowing and voluntary.  See 506 U.S. at 23.  The Supreme Court stated:

-10-

> On collateral review, we think it defies logic to presume from the mere unavailability
> of a transcript (assuming no allegation that the unavailability is due to governmental
> misconduct) that the defendant was not advised of his rights.  In this situation,
> Boykin does not prohibit a state court from presuming, at least initially, that a final
> judgment of conviction offered for purposes of sentence enhancement was validly
> obtained.

Parke v. Raley, 506 U.S. at 30.  The Supreme Court thus found that, "even when a collateral attack

on a final conviction rests on constitutional grounds, the presumption of regularity that attaches to

final judgments makes it appropriate to assign a proof burden to the defendant." Parke v. Raley, 506

U.S. at 31 (citation omitted).

### 3.      Overcoming the Presumption of Regularity.

The Tenth Circuit in United States v. Duarte-Gutierrez, 129 F.App'x 440 (10th Cir. 2005)

stated:

> Once the existence of a conviction is established, the presumption of regularity
> attaches and we assume that the convicting court complied with the law in all
> respects, including the requirements for establishing a waiver of the right to counsel.
> The government is not required to offer any evidence of compliance; Defendant must
> prove noncompliance.

129 F.App'x at 443.  "To overcome this presumption and bar the use of a prior conviction for

sentence enhancement, the defendant must prove by a preponderance of the evidence that the

conviction was constitutionally infirm." United States v. Krejcarek, 453 F.3d 1290, 1297 (10th Cir.

2006)(citing United States v. Windle, 74 F.3d 997, 1001 (10th Cir. 1996)).  See United States v.

Cruz-Alcala, 338 F.3d 1194, 1197 (10th Cir. 2003)("Once the prosecution establishes the existence

of a conviction, the defendant must prove by a preponderance of the evidence that the conviction

was constitutionally infirm." (emphasis in original)(internal quotation marks omitted)).

"[A] defendant may not simply point to a silent or ambiguous record, but must come forward

with affirmative evidence establishing that the prior convictions were obtained in violation of the

Constitution."  United States v. Cruz-Alcala, 338 F.3d at 1197.  "Self-serving statements by a defendant that his conviction was constitutionally infirm are insufficient to overcome the presumption of regularity accorded prior convictions."  United States v. Krejcarek, 453 F.3d at 1297 (quoting Cuppett v. Duckworth, 8 F.3d 1132, 1139 (7th Cir. 1993)(en banc)).  See United States v. Wicks, 995 F.2d 964, 978 (10th Cir. 1993)("Self-serving conclusory statements would be unavailing, of course.").  In addition, "[t]he fact one jurisdiction may utilize a different docketing or record keeping system than another does not prove by a preponderance of the evidence [that the defendant] did not waive his right to counsel."  United States v. Sanchez, 230 F. App'x 803, 807-08 (10th Cir. 2007).

In United States v. Wicks, the Tenth Circuit found that the defendant did not prove by a preponderance of the evidence that his "guilty pleas were actually involuntary or unknowing."  995 F.2d at 978 (emphasis in original).  The defendant did not submit proof that his plea was unknowing or involuntary -- except for proof that there was an incomplete record of the plea proceedings in state court.  See United States v. Wicks, 995 F.2d at 979.  The Tenth Circuit stated:

> At a minimum, . . . a defendant pointing to a silent or missing record of a prior plea proceeding must begin by also submitting an affidavit or its equivalent asserting that the defendant's plea was in fact not voluntary or was lacking the necessary understanding, and specifying in detail the factual support for such assertion. Self-serving statements would be unavailing, of course.  Affidavits or testimony by judges, government and defense attorneys, probation officers, and others involved in and knowledgeable about the challenged proceedings, and directly supporting the defendant's position, would be probative.

United States v. Wicks, 995 F.2d at 978-79.  The facts available to the Tenth Circuit showed that counsel represented the defendant, which the Tenth Circuit stated "strongly suggests an informed and voluntary plea."  United States v. Wicks, 995 F.2d at 979.  The Tenth Circuit found that the defendant's pleas were voluntary and knowing, based on the evidence before it and on the

-12-

defendant's failure to prove that his guilty pleas were unknowing and involuntary. See United States v. Wicks, 995 F.2d at 979.

In United States v. Quintana-Ponce, 129 F. App'x 473 (10th Cir. 2005), the Tenth Circuit found that the defendant did not meet his burden to overcome the presumption of regularity. See 129 F.App'x at 475. At his sentencing, the defendant offered testimony that he was not represented by counsel and did not knowingly waive his right to counsel in the state court proceedings at issue. See United States v. Quintana-Ponce, 129 F.App'x at 475. After considering the defendant's testimony, the district court implicitly found he was not credible and ruled that he had validly waived his right to counsel in the earlier cases, stating: "[T]aking [the defendant's] proffer at face value and weighing that against his significant history associated with the criminal courts in that area . . . I don't believe that he has overcome the presumption of regularity that attaches to final Judgments." United States v. Quintana-Ponce, 129 F.App'x at 475 (quoting the district court sentencing transcript). The Tenth Circuit deferred to the district court's credibility determination and found no error in the district court considering the conviction in the defendant's criminal history. See United States v. Quintana-Ponce, 129 F.App'x at 475.

In United States v. Cruz-Alcala, the Tenth Circuit found that the defendant "failed to establish that his prior . . . convictions [were] constitutionally infirm." 338 F.3d at 1197. The record contained waiver forms for the defendant's convictions, which stated that the defendant understood that he had the right to be represented, and that he understood the dangers and disadvantages of giving up his right to a lawyer. See United States v. Cruz-Alcala, 338 F.3d at 1198. The defendant had initialed the waiver forms, and a translator had signed the forms, verifying that she translated the forms to the defendant. See United States v. Cruz-Alcala, 338 F.3d at 1198. In addition, the judge signed the forms, stating that the court reviewed the forms and found that the defendant

"expressly, knowingly, understandingly and intelligently waived his . . . constitutional rights."

United States v. Cruz-Alcala, 338 F.3d at 1198.  The defendant's

> evidence that he did not waive his right to counsel in the prior proceedings consisted solely of his testimony at the sentencing hearing that he had neither seen nor signed the waiver forms for the DUI convictions (although he admitted he was guilty of those offenses and had used the name "Modesto Martinez" in the DUI proceedings); that an interpreter had never read those documents to him; and that no one had ever told him that he had the right to the assistance of counsel in the DUI cases. Defendant did not testify at all about the waiver of rights at the proceeding for the petty-theft conviction. After hearing all the evidence, the district court found that Defendant's testimony was not credible, and ruled that Defendant had validly waived his right to counsel in the earlier cases.

United States v. Cruz-Alcala, 338 F.3d at 1198.  The Tenth Circuit deferred to the district court's credibility determination, and upheld the district court's use of the convictions to enhance the defendant's sentence.  See United States v. Cruz-Alcala, 338 F.3d at 1198.

## ANALYSIS

Justice argues that the Court should subtract 2 criminal-history points from the 5 currently attributed to him, which would reduce his criminal-history category from Category III to Category II.  See Objections to PSR ¶¶ 15-16, at 5-6.  Justice bases his objection on a lack of information in the PSR to support that he made an effective and affirmative waiver of his constitutional right to counsel with reference to the misdemeanor pleas described in paragraphs 255 and 257 of the PSR. Justice contends that, based upon the information available from the Farmington Municipal Court, there is no evidence to support a waiver of counsel in either case.  Justice states that there is no affirmative indiction that he waived his rights.  See Objections to PSR ¶ 14, at 5 (citing Brewer v. Williams, 430 U.S. 387, 402 (1977)).  He maintains that those court records contain no affirmative evidence to support an assertion of waiver, but only a suggestion that a waiver  may have occurred based upon an assumption of procedural regularity in that court.  See Objections to PSR ¶¶ 14, at

-14-

5.  Justice states that it cannot be said that the United States has met its "heavy burden" of showing Justice's knowing and intelligent waiver of Sixth Amendment rights.  Objections to PSR ¶ 14, at 5 (quoting Brewer v. Williams, 430 U.S. at 403).  Therefore, according to Justice, the Court should order subtraction of 2 criminal-history points and a recalculation of his criminal-history category from Category III to Category II.  After careful consideration of the law and of the facts, the Court will overrule Justice's objections to the calculation of his criminal-history category.

## I.   THE COURT WILL OVERRULE JUSTICE'S OBJECTION TO PARAGRAPH 255 ON PAGE 42 OF THE PSR.

In his objection to paragraph 255 of the PSR, Justice requests that the Court subtract 1 criminal-history point, reducing his total from 5 to 4.  See Objections to PSR ¶ 15, at 5.  He maintains that there is no documentary evidence to support his waiver of his right to counsel at the time of his May 22, 2002 plea.  See Objections to PSR ¶ 14, at 5.  He further contends that there is no proof of a standard procedure employed by an unnamed judge of the Farmington Municipal Court which supports by a preponderance of the evidence the argument that there was a knowing, intelligent, and voluntary waiver of his constitutional right to counsel.  See Objections to PSR ¶ 15, at 5.  Justice states that, on this date and without the assistance of counsel, he pled guilty to all four counts charged in this Municipal Court complaint.

Paragraph 255 of the Presentence Report assigns one point for Justice's criminal history. See PSR ¶ 255, at 42-43.  Paragraph 255 references four of Justice's prior misdemeanor convictions. See PSR ¶ 255, at 42.  Three of the convictions, concealing identity, paraphernalia for use, and disorderly conduct, related to an arrest on February 22, 2002.  See PSR ¶ 255, at 42.  These convictions resulted in a fine only.  See PSR ¶ 255, at 42.  The other conviction resulted from contempt proceedings against Justice, which resulted in five days of imprisonment.  See PSR ¶ 255,

at 42.  The PSR recognizes that Justice was not represented by counsel in this case.  See PSR ¶ 255, at 42.  The PSR states that it is standard procedure for New Mexico courts to advise the defendant of his or her rights, including his or her right to counsel, pursuant to a New Mexico statute.  See PSR ¶ 255, at 42.

The Addendum PSR addresses Justice's objection.  See Addendum to PSR at 2-3.  The Addendum to PSR states that, on May 13, 2011, the USPO spoke to an employee at the Farmington Municipal Court.  See Addendum to PSR at 2.  The Addendum to PSR then states that the employee informed the USPO that Justice appeared in court on the first three counts.  See Addendum to PSR at 2.  Because Justice was not looking at serving a jail sentence on these charges, no waiver of counsel form was signed.  See Addendum to PSR at 2.  He was, however, informed that he could represent himself or hire an attorney.  See Addendum to PSR at 2.  He was sentenced to pay a fine on the first three counts.  See Addendum to PSR at 2.  Because he failed to pay those fines, Justice later appeared in court on July 10, 2003 on contempt charges.  See Addendum to PSR at 2.  The Addendum to PSR also clarifies that 1 point was applied to Justice's criminal-history calculation based on his guilty plea to the paraphernalia-for-use charge.  See Addendum to PSR at 2.[3]  The Addendum to PSR does not specify the circumstances of Justice's

_____

[3]U.S.S.G. § 4A1.1(c) states that, in calculating the criminal-history category a court should add 1 point for each prior sentence not counted in subsection (a) or (b) -- in other words sentences less than sixty days -- up to a total of 4 points.  See U.S.S.G. § 4A1.1(c).  U.S.S.G. § 4A1.2(a)(1) defines prior sentence as "any sentence previously imposed upon adjudication of guilt, whether by guilty plea, trial, or plea of nolo contendere, for conduct not part of the instant offense."  U.S.S.G. § 4A1.2(a)(1).  The background note to U.S.S.G. § 4A1.1(c) further clarifies that subsections (a)-(c) in this section "distinguish confinement sentences longer than one year and one month, shorter confinement sentences of at least sixty days, and all other sentences, such as confinement sentences of less than sixty days, probation, fines, and residency in a halfway house."  U.S.S.G. § 4A1.1 cmt. background.  The background note to 4A1.2 also states: "Prior sentences, not otherwise excluded, are to be counted in the criminal-history score, including uncounseled misdemeanor sentences where imprisonment was not imposed."  U.S.S.G. § 4A1.2 cmt. background.  As the Tenth Circuit has

representation of counsel for his contempt charges.  See Addendum to PSR at 2.

When a defendant receives no punishment for a charged crime other than a fine, he has no constitutional right to counsel during the proceedings related to that charge.  See Nichols v. United States, 511 U.S. at 748.  Here, the New Mexico court did not impose any other penalty on Justice for the paraphernalia-for-use charge other than a fine.  See PRS ¶ 255, at 42; Addendum to PSR at 2.  Thus, the New Mexico court had no obligation to appoint counsel for Justice or to inquire whether he intended to waive his right to counsel.  See Nichols v. United States, 511 U.S. at 748.  Furthermore, the contempt proceedings that arose out of Justice's failure to pay his fine for these three convictions involved a separate charge independent from the underlying convictions.  See United States v. Cousins, 455 F.3d at 1126.  Contempt proceedings are distinct from a suspended sentence on a charge.  See United States v. Cousins, 455 F.3d at 1126.  In United States v. Cousins, the Tenth Circuit found that the state trial court had imposed an unconstitutionally infirm sentence by sentencing the defendant to thirty days imprisonment or to pay a $500 fine without providing him assistance of counsel.  455 F.3d at 1126.  The Tenth Circuit found the case "analogous to Shelton in the sense that the sentence imposed by the South Carolina court was essentially a suspended sentence: either Defendant paid the $500 fine or he went to jail for 30 days." United States v. Cousins, 455 F.3d at 1126.  Here, the contempt charge did not arise until over a year after the first three charges.  See Addendum to PSR at 2.  Furthermore, the charge related to Justice's failure to pay his fines rather than the conduct which originally resulted in the three convictions.  See Addendum to PSR at 2.  There is no indication that the state court intended to

recognized, "the Sentencing Commission was well aware of the prevalence of uncounseled misdemeanor convictions and sought to modulate their effect on federal sentences" within the guidelines by limiting the number that a court could consider in the criminal-history calculation to four.  United States v. Jackson, 493 F.3d at 1185.

impose a sentence of imprisonment as part of its original decision to fine Justice.  See Addendum to PSR at 2.

Furthermore, criminal contempt is a separate offense under federal law.  See 18 U.S.C. § 401(3) ("A court of the United States shall have power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority, and none other, as -- . . . Disobedience or resistance to its lawful writ, process, order, rule, decree, or command.").[4]  The sentencing guidelines contain a separate provision that addresses contempt, telling courts to look to the most analogous offense based on the nature of the defendant's conduct.  See U.S.S.G. § 2J1.1.  The sentencing guidelines further state:

> Because misconduct constituting contempt varies significantly and the nature of the contemptuous conduct, the circumstances under which the contempt was committed, the effect the misconduct had on the administration of justice, and the need to

---

[4]Although contempt charges could under some circumstances violate the Double Jeopardy Clause if the contempt charge and a separate offense fail the Blockburger v. United States test, Justice has not raised a double-jeopardy challenge.  See United States v. Dixon, 509 U.S. 688, 695-97 (1993).  Furthermore, he may not do so during these sentencing proceedings based on Custis v. United States.  See 511 U.S. at 492-96 ("Custis invites us to extend the right to attack collaterally prior convictions used for sentence enhancement beyond the right to have appointed counsel established in Gideon.  We decline to do so.").  Although the Tenth Circuit has recognized that an appellate court may properly consider the failure to raise a double-jeopardy challenge under the plain error standard, it has not characterized a double-jeopardy defect as jurisdictional.  See United States v. 9844 S. Titan Court, Unit 9, Littleton, Colo., 75 F.3d 1470, 1482 (10th Cir. 1996), overruled on other grounds by United States v. Ursery, 518 U.S. 267 (1996).  A defendant may challenge prior convictions during sentencing proceedings on the basis that the prior conviction suffers from a jurisdictional defect -- a defect relating to the jurisdiction of the court that entered the conviction.  See Reed Elsevier, Inc. v. Muchnick, 130 S.Ct. 1237, 1243 (2010)("'Jurisdiction' refers to 'a court's adjudicatory authority.'  Accordingly, the term 'jurisdictional' properly applies only to 'prescriptions delineating the classes of cases (subject-matter jurisdiction) and the persons (personal jurisdiction)' implicating that authority." (citations omitted)); Custis v. United States, 511 U.S. at 493-96 (noting that, applying "a somewhat expansive notion of 'jurisdiction,'" the Supreme Court has "attributed jurisdictional significance to the failure to appoint counsel").  Following Custis v. United States, the United States Court of Appeals for the Fifth Circuit did not allow a defendant to raise a double-jeopardy challenge in the context of a sentencing enhancement.  See United States v. Gonzales, 79 F.3d 413, 426-27 (5th Cir. 1996).

> vindicate the authority of the court are highly context-dependent, the Commission
> has not provided a specific guideline for this offense.  In certain cases, the offense
> conduct will be sufficiently analogous to § 2J1.2 (Obstruction of Justice) for that
> guideline to apply.

See U.S.S.G. § 2J1.1 cmt. n.1.  Another application note states that offenses involving the willful

failure to pay court-ordered child support in violation of 18 U.S.C. § 228 are most analogous to the

guideline for theft, property destruction, and fraud.  See U.S.S.G. § 2J1.1 cmt. n.2.  Criminal

contempt is also a separate offense under New Mexico law:

> It shall be within the power of each and every presiding officer of the several courts
> of this state, whether of record or not of record, to preserve order and decorum, and
> for that purpose to punish contempts by reprimand, arrest, fine or imprisonment,
> being circumscribed by the usage of the courts of the United States.

N.M.S.A. 1978, § 34-1-2.  The Supreme Court of New Mexico has recognized that a court's power

to punish for contempt is one of its inherent powers even in the absence of an applicable statute.

See Case v. State, 103 N.M. 501, 502, 709 P.2d 670, 672 (1985).  The sentence for contempt is

likewise discretionary with the court, unlike a fixed statutory sentence.  See Case v. State, 103 N.M.

at 503, 709 P.2d at 673.

Thus, because the PSR relies only on the paraphernalia-for-use charge as part of its criminal-

history calculation, Justice's objection lacks a sound basis, because he received only a fine for that

conviction.  Even if Justice was constitutionally deprived of counsel for his contempt charge, that

deprivation would not be relevant because the PSR does not use that conviction in its criminal-

history calculation.  Furthermore, a 1 point reduction alone would not reduce his criminal-history

category from Category III to Category II.  See Addendum to PSR at 3. Consequently, the Court

overrules Justice's objection to paragraph 255 of the PSR.

**II.      THE COURT WILL OVERRULE JUSTICE'S OBJECTION TO PARAGRAPH 257 ON PAGE 45 OF THE PSR.**

Based on a separate alleged violation of his right to counsel, Justice requests that the Court subtract 1 criminal-history point, reducing his total from 5 to 4.  See Objections to PSR ¶ 16, at 6. He maintains that there is no documentary evidence to support his waiver of his right to counsel at the time of his May 4, 2005 plea.  See Objections to PSR ¶ 16, at 6.  He further contends that there is no proof of a standard procedure employed by an unnamed judge of the Farmington Municipal Court which supports by a preponderance of the evidence the argument that there was a knowing, intelligent, and voluntary waiver of his constitutional right to counsel.  See Objections to PSR ¶ 14, at 5.  In his Objections to PSR, Justice states that, on May 4, 2005 without the assistance of counsel, Justice pled guilty to all three counts charged in this Municipal Court complaint.  See Objections to PSR ¶ 17, at 6.

In the PSR, the USPO concedes that Justice was not represented by counsel during these proceedings.  See PSR ¶ 257, at 45.  The PSR states that it is standard procedure for New Mexico courts to advise the defendant of his or her rights, including his or her right to counsel, pursuant to a New Mexico statute.  See PSR ¶ 257, at 45.  In the Addendum to PSR, the employee whom the USPO spoke to on May 13, 2011 stated that Justice signed a waiver-of-counsel form relating to these proceedings.  See Addendum to PSR at 2.  The employee stated, however, that the actual waiver of counsel form has been destroyed, because the state court retains records for a period of only three years.  See Addendum to PSR at 2.  The USPO attached to the Addendum to PSR a computer screen printout of the relevant records from the Farmington Municipal Court that indicate Justice waived his right to counsel.  See Attachment to Addendum to PSR at 1.

Although Justice testified that he did not recall being advised of having a right to an attorney

during these proceedings, see Tr. at 19:23-20:1 (Tallon, Justice), the court records attached to the Addendum to PSR indicate that he waived his right to counsel during these proceedings, see Attachment to Addendum to PSR at 1.  Without these court records and the statements from the employee whom the USPO spoke with regarding Justice's waiver of his right to counsel, his testimony might have been sufficient to rebut the presumption of regularity that attaches to final judgments.  See United States v. Krejcarek, 453 F.3d at 1297; United States v. Cruz-Alcala, 338 F.3d at 1197.  Although this evidence from the USPO is hearsay, a court may under appropriate circumstances consider hearsay during sentencing.  See United States v. Beaulieu, 893 F.2d 1177, 1179 (10th Cir. 1990)(holding that reliable hearsay may be used in sentencing under the guidelines); United States v. Cunningham, No. CR 06-2493, 2008 WL 6049940, at *13 (D.N.M. Oct.28, 2008) (Browning, J.)("[T]he Court may rely on hearsay at sentencing so long as it has sufficient indicia of reliability to support its probable accuracy." (alteration in original)(internal quotation marks omitted)).  As U.S.S.G. § 6A1.3 states: "In resolving any dispute concerning a factor important to the sentencing determination, the court may consider relevant information without regard to its admissibility under the rules of evidence applicable at trial, provided that the information has sufficient indicia of reliability to support its probable accuracy."  U.S.S.G. § 6A1.3.  Likewise, Confrontation Clause protections do not apply in the sentencing context.  See United States v. Bustamante, 454 F.3d 1200, 1202-03 (10th Cir. 2006)(recognizing that Crawford v. Washington does not apply to sentencing proceedings).

There is no indication that the computer screen printout from the state court is not an accurate representation of that court's records.  There do not appear to be any alternations or other circumstances indicating that the printout is not authentic.  Thus, the Court considers the evidence to be reliable.  Consequently, based on the evidence contained in the attachment to the Addendum

-21-

to PSR, the Court concludes that Justice knowingly waived his right to counsel for these charges.

Thus, the Court will overrule his objection to paragraph 257 of the PSR.

**IT IS ORDERED** that Justice's objections to his criminal-history calculation in paragraph

255 and 257 of the PSR, as stated in the Amended Objections to Pre-Sentence Report, filed May 12,

2011 (Doc. 292), are overruled.  The Court does not address the other objections contained in the

amended objections.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Kenneth J. Gonzales
  United States Attorney
Jon K. Stanford
  Assistant United States Attorney
Albuquerque, New Mexico

     *Attorneys for the Plaintiff*

Daniel J. Tallon
Placitas, New Mexico

     *Attorney for the Defendant*

-22-