# UNITED STATES DISTRICT COURT
**District of New Mexico**

| | |
|---|---|
| UNITED STATES OF AMERICA<br>V.<br>**Joshua Justice** | **Judgment in a Criminal Case**<br>(For Offenses Committed On or After November 1, 1987)<br>Case Number: **1:09CR03078-007JB**<br>USM Number: **54199-051**<br>Defense Attorney: **Daniel Tallon, Appointed** |

THE DEFENDANT:

☒ pleaded guilty to count(s) **S1 and S30 of Indictment**
☐ pleaded nolo contendere to count(s)  which was accepted by the court.
☐ after a plea of not guilty was found guilty on count(s)

The defendant is adjudicated guilty of these offenses:

| *Title and Section* | *Nature of Offense* | *Offense Ended* | *Count Number(s)* |
|---|---|---|---|
| 21 U.S.C. Sec. 846 | Conspiracy to Violate 21 U.S.C. Sec. 841(b)(1)(C) | 07/16/2009 | S1 |
| 21 U.S.C. Sec. 843(b) | Use of a Telephone to Facilitate a Drug Trafficking Offense | 06/28/2009 | S30 |

The defendant is sentenced as provided in pages 2 through **7** of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count .
☒ Count **s S27, S28, S29 and S31 of Indictment** are dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

**October 27, 2011**
Date of Imposition of Judgment

**/s/ James O. Browning**
Signature of Judge

**Honorable James O. Browning**
**United States District Judge**
Name and Title of Judge

**January 27, 2012**
Date Signed

Defendant: **Joshua Justice**
Case Number: **1:09CR03078-007JB**

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **5 days or time served, whichever is less** .

**A term of 5 days is imposed as to each of Counts S1 and S30; said terms shall run concurrently for a total term of 5 days.**

**The Court incorporates by reference its: (i) Memorandum Opinion and Order, filed October 6, 2011 (Doc. 400)("Oct. 6, 2011 MOO"), No. 09-3078, 2011 WL 5223032; and (ii) Memorandum Opinion and Order, filed January 23, 2012 (Doc. 443)("Jan. 23, 2012 MOO"). Defendant Joshua Justice, pursuant to a Plea Agreement, filed January 1, 2011 (Doc. 222), pled guilty to Counts 1 and 30 of the Superseding Indictment, filed April 27, 2010 (Doc. 62), charging him in Count 1 with a violation of 21 U.S.C. § 846, that being conspiracy to distribute methamphetamine, and in Count 30 with a violation of 21 U.S.C. § 843(b), that being use of a telephone to facilitate a drug trafficking offense. The parties stipulate in the Plea Agreement that "7 grams of methamphetamine are attributable to the Defendant." Plea Agreement ¶ 9, at 4. The parties stipulate to a 2-level reduction to Justice`s offense level under U.S.S.G. § 3B1.2, because Justice was a minor participant in the criminal activity underlying the Plea Agreement. See Plea Agreement ¶ 9, at 4. The parties agree to a 3-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1 "so long as the Defendant continues to accept responsibility for the Defendant`s criminal conduct." Plea Agreement ¶ 9, at 4. Aside from the stipulations in the Plea Agreement, the parties "reserve their rights to assert any position or argument with respect to the sentence to be imposed." Plea Agreement ¶ 9, at 5-6.**

**The United States Probation Office ("USPO") disclosed a Presentence Investigation Report ("PSR") for Justice on March 24, 2011. In the PSR, the USPO calculates Justice`s total offense level to be 12. See PSR ¶ 252, at 39. The PSR groups the guideline calculation for Counts 1 and 30 pursuant to U.S.S.G. § 3D1.2(d). See PSR ¶ 244, at 38. The PSR applies a base offense level of 16 pursuant to U.S.S.G. § 2D1.1(c)(12) based on the amount of methamphetamine in Justice`s possession. See PSR ¶ 245, at 39. The PSR includes a 2-level downward adjustment pursuant to the parties` stipulation that Justice was a minor participant in the criminal activity at issue. See PSR ¶ 248, at 39. The PSR notes that there is not sufficient information to conclude whether Justice was working under the direction of another or directing others, and thus no reduction for his role as a minor participant should apply. See PSR ¶ 248, at 39. The PSR includes a 2-level reduction under U.S.S.G. § 3E1.1 based on Justice`s acceptance of responsibility. PSR ¶ 251, at 39. The PSR lists his criminal history category as III, based on 5 criminal history points. See PSR ¶ 259, at 46. The PSR calculates that an offense level of 12 and a criminal history category of III results in a guideline imprisonment range of 15 to 21 months. See PSR ¶ 301, at 56. The Court adopts the PSR`s factual findings as its own, except with respect to the objections the Court sustained to paragraphs 47, 239, and 248.**

**Justice asks the Court for a sentence of 3 to 5 years probation or 3 to 5 years of supervised release. At the October 27, 2011 sentencing hearing, Plaintiff United States of America represented that it would not object to a sentence that involved some combination of electronic monitoring and probation, followed with supervised release. In its Oct. 6, 2011 MOO, the Court overruled Justice`s objections to the inclusion of certain misdemeanor convictions in his criminal history calculation which allegedly violated his constitutional right to counsel. See Oct. 6, 2011 MOO at 1. In its Jan. 23, 2012 MOO, the Court sustained Justice`s objection to the PSR regarding the application of a role adjustment under U.S.S.G. § 3B1.2 and applied a 4-level reduction to his offense level based on a minimal role adjustment. See Jan. 23, 2012 MOO at 1-2. That reduction yields an offense level of 10 after accounting for a 2-level reduction for acceptance of responsibility. Other than on the issue of a role adjustment under U.S.S.G. § 3B1.2, the Court adopts the sentencing calculation in the PSR as its own. A criminal offense level of 10 and a criminal history category of III produces a guideline sentence of 10 to 16 months.**

**The Court notes that Justice conspired to distribute 7 grams of methamphetamine and used a telephone to facilitate a drug trafficking offense. The Court has carefully considered the parties` arguments and the circumstances of this case. The Court has considered the guideline range for the applicable category of offense committed by the applicable category of defendant. The Court believes that the punishment that the guidelines set forth is not appropriate for Justice`s offenses. With respect to Counts 1 and 30, the Court believes that a sentence of 5 days or time served, whichever is less, along with 10 months of electronic monitoring is sufficient to reflect the seriousness of his offenses. The Court does not believe that additional incarceration will more fully accomplish the factors set forth in 18 U.S.C. § 3553(a). Other conditions that the Court will require as part of supervised release will also provide Justice with some needed education, training, and care to prevent these problems from reoccurring. While the Court is varying from the bottom of the guideline range, it is replacing incarceration with a lengthy period of electronic monitoring**

to ensure compliance with the conditions of supervised release.

**The Court has considered the guidelines, but, in arriving at its sentence, has taken into account not only the guidelines but other sentencing goals. This sentence adequately reflects the seriousness of the offense, promotes respect for the law, provides just punishment, affords adequate deterrence, protects the public, avoids unwarranted sentencing disparities among similarly situated defendants, and otherwise fully reflects each of the factors embodied in 18 U.S.C. § 3553(a). Justice`s participation in this criminal organization, as the United States has conceded, was less involved than any of his co-Defendants. Thus, this sentence reflects the seriousness of the offenses. For the same reasons, the sentence promotes respect for the law. Taking into account his lesser degree of culpability, the Court believes the sentence promotes respect for the law and provides just punishment. The Court does not believe that there is a need to specifically deter Justice in this case. He does not appear to present a great danger to any person or to the public, and he seems to be a good candidate for rehabilitation. Those familiar with the facts and circumstances of the case and some of the lengthier sentences his co-Defendants have received, including the sentence the leader of the organization received, would agree that the sentence affords adequate deterrence. The leader of the organization, Jeremiah Wright, received a total sentence of 120 months based on a requirement that he serve some consecutive 60-month sentences. One of the other co-Defendants who sold methamphetamine and had one of the lower amounts of methamphetamine among the co-Defendants received a sentence of only 13 months in part based on the person`s substance abuse problems. Another co-Defendant who sold methamphetamine received a sentence of 48 months. A third co-Defendant, Duncan Selph, who sold methamphetamine received a sentence of 41 months. One co-Defendant, Lorraine Martinez, who was more culpable than Justice but who had some compelling circumstances regarding her family ties and responsibilities warranting a departure, received a sentence of 5 days. Given Justice`s lack of violent criminal history, the Court believes this sentence adequately protects the public. Justice has expressed his desires to get his life back on track and start a life with his girlfriend and young son. Justice is almost in his thirties now and will have a lower risk of recidivism than younger defendants. Given the higher degree of culpability of many of his co-Defendants, the Court believes that this sentence does not create unwarranted sentencing disparities among similarly situated defendants. While the Court`s task, as a district court, is not to arrive at a reasonable sentence -- it is to come up with one that reflects the factors in 18 U.S.C. § 3553(a), see United States v. Conlan, 500 F.3d 1167, 1169 (10th Cir. 2007)("[A] district court`s job is not to impose a reasonable sentence. Rather, a district court`s mandate is to impose a sentence sufficient, but not greater than necessary, to comply with the purposes of section 3553(a)(2)." (citation omitted)) -- the Court believes this sentence is reasonable. And perhaps most important in this calculation, the Court believes that this sentence is sufficient without being greater than necessary to comply with the purposes of punishment Congress set forth in the Sentencing Reform Act of 1984, Pub. L. No. 98-473, 98 Stat. 1987 (codified as amended in scattered sections of 18 U.S.C.). With respect to Counts 1 and 30, the Court sentences Justice to a sentence of 5 days or time served, whichever is less, along with 10 months of electronic monitoring. These sentences will run concurrently.**

☐  The court makes the following recommendations to the Bureau of Prisons:


☐  The defendant is remanded to the custody of the United States Marshal.
☐  The defendant shall surrender to the United States Marshal for this district:
  ☐  at  on
  ☐  as notified by the United States Marshal.
☐  The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
  ☐  before 2 p.m. on
  ☐  as notified by the United States Marshal
  ☐  as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:




Defendant delivered on _____ to _____ at _____ with a Certified copy of this judgment.

UNITED STATES MARSHAL

By

DEPUTY UNITED STATES MARSHAL

Defendant: **Joshua Justice**
Case Number: **1:09CR03078-007JB**

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **3 years** .

**A term of 3 years is imposed as to Count S1; a term of 1 year is imposed as to Count S30; said terms shall run concurrently for a total term of 3 years.**

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.
The defendant shall not commit another federal, state, or local crime.
The defendant shall not unlawfully possess a controlled substance.
The defendant shall refrain from any unlawful use of a controlled substance.
The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

- ☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- ☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable).
- ☒ The defendant shall cooperate in the collection of DNA as directed by statute. (Check, if applicable).
- ☐ The defendant shall register with the state, local, tribal and/or other appropriate sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)
- ☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Criminal Monetary Penalties sheet of this judgment.
The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

Defendant: **Joshua Justice**
Case Number: **1:09CR03078-007JB**

## SPECIAL CONDITIONS OF SUPERVISION

**The defendant must participate in and successfully complete location monitoring for a period of 10 months in the location monitoring program with the Radio Frequency (RF) technology under the home detention component. The defendant may be required to pay a portion or all costs of such program.**

**The defendant must participate in and successfully complete an outpatient substance abuse treatment program, which may include testing, as approved by the probation officer. The defendant is prohibited from obstructing or attempting to obstruct or tamper, in any fashion, with the collection, efficiency and accuracy of any substance abuse testing device or procedure. The defendant may be required to pay a portion of the cost of treatment and/or drug testing as determined by the Probation Office.**

**The defendant must submit to a search of his person, property, or automobile under his control to be conducted in a reasonable manner and at a reasonable time, for the purpose of detecting illegal drugs, alcohol or any other contraband at the direction of the probation officer. He must inform any residents that the premises may be subject to a search.**

**The defendant must refrain from the use and possession of alcohol and other forms of intoxicants.**

**The defendant shall have no contact with the co-defendants in this case.**

**As to Standard condition No. 5, it shall be revised as follows: The Defendant shall obtain and maintain full time, legitimate employment, or attend a vocational or academic training program as approved by the probation officer, throughout the term of supervised release.**

**As to Standard condition No. 13, it shall not apply.**

Defendant: **Joshua Justice**
Case Number: **1:09CR03078-007JB**

## CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties in accordance with the schedule of payments.
☐        The Court hereby remits the defendant's Special Penalty Assessment; the fee is waived and no payment is required.

| Totals: | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
|  | **$200.00** | **$0.00** | **$0.00** |

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.
Payment of the total fine and other criminal monetary penalties shall be due as follows:
The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

A    ☒   In full immediately; or
B    ☐   $ immediately, balance due (see special instructions regarding payment of criminal monetary penalties).

**Special instructions regarding the payment of criminal monetary penalties: Criminal monetary penalties are to be made payable by cashier's check, bank or postal money order to the U.S. District Court Clerk, 333 Lomas Blvd. NW, Albuquerque, New Mexico 87102 unless otherwise noted by the court. Payments must include defendant's name, current address, case number and type of payment.**

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, are to be made as directed by the court, the probation officer, or the United States attorney.